# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MORENO O/B/O MINOR A.J.M., | Case No. 1:24-cv-01540-BAM |
| Plaintiff, | ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM OF A.J.M. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (Doc. 3) |
| Defendant. | |

Plaintiff Nancy Moreno on behalf of minor A.J.M. ("Plaintiff"), through counsel, filed this action seeking judicial review of a final decision of the Commissioner of the Social Security Administration. (Doc. 1.) Currently before the Court is Plaintiff Nancy Moreno's petition for appointment as guardian ad litem for her child, A.J.M., a minor.

Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). This requires a district court to take whatever measures it deems proper to protect the individual during litigation. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986). In pertinent part, Local Rule 202(a) of this Court further states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing

> the minor or incompetent person shall present . . . a motion for the appointment of a guardian <u>ad</u> <u>litem</u> by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

*See* L.R. 202(a).  The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres*, 795 F.2d at 804.

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *H.D.A. v. County of Stanislaus*, No. 1:22-cv-00384-DAD-SAB, 2022 WL 992990, at *1 (E.D. Cal. Apr. 1, 2022) (quoting *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000)).  "While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict." *Id.* (citing *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007)).  Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. *Id.*

The Court has considered the petition and finds no apparent conflict that would preclude A.J.M.'s mother from serving as guardian ad litem.  The supporting declaration of Nancy Moreno indicates the following:  (1) she is the mother of A.J.M., a minor; (2) she is competent to prosecute the action for A.J.M.; and (3) she has no interest adverse to the rights of A.J.M.  (Doc. 3 at 4, Declaration of Nancy Moreno ¶¶ 1, 3-4.)  Additionally, the petition indicates that Nancy Moreno is a competent and responsible person, she is fully competent to act as a guardian ad litem, she is familiar with A.J.M.'s medical conditions, and she is willing to act as guardian ad litem. (Doc. 3 at 2.)

Accordingly, IT IS HEREBY ORDERED that Nancy Moreno is appointed in this action as guardian ad litem for A.J.M., a minor.
IT IS SO ORDERED.

Dated:   **December 19, 2024**            /s/ *Barbara A. McAuliffe*            
                                         UNITED STATES MAGISTRATE JUDGE